# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

TERIN MOSS,                )
                               )
      Movant,         )
                               )
v.                       )          CR416-154
                               )          CV419-152
UNITED STATES OF AMERICA,  )
                               )
      Respondent.     )

## <u>REPORT AND RECOMMENDATION</u>

Terin Moss moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. Doc. 68[1]; *see United States v. Almand*, 992 F.2d 316, 317 (11th Cir. 1993) (individuals challenging the validity of any sentence, including those imposed for revocation of supervised release, must utilize § 2255). Preliminary review under Rule 4(b) of the Rules Governing § 2255 Motions[2] shows that his motion is not yet ripe.

Movant acknowledges that he has appealed his judgment of conviction. Doc. 68 at 1-2. The record shows that on April 4, 2019, the

---

[1] The Court is citing to the criminal docket in CR416-154 unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

[2] "The judge who receives the [§ 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. § 2255, Rule 4(b).

Eleventh Circuit issued an opinion vacating movant's sentence and remanding his case for resentencing.  *See* doc. 66.  However, on April 19, 2019, the Eleventh Circuit entered an Order withholding the issuance of a mandate  *see* doc. 67, and on July 15, 2019, the Eleventh Circuit granted a rehearing en banc of the appeal and vacated its prior opinion.  *See United States v. Moss,* No. 17-10473, 2019 WL 3072577 (11th Cir. July 15, 2019).

"The general rule is that a defendant may not seek collateral relief while his direct appeal is pending." *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990) (affirming denial of § 2255 motion for lack of jurisdiction); *see also United States v. Dunham*, 240 F.3d 1328, 1329–30 (11th Cir. 2001) (*per curiam*) (concluding that district court lacked jurisdiction to consider and rule on § 2255 motion during pendency of direct appeal of sentence); *see also United States v. Casaran-Rivas*, 311 F. App'x 269, 272 (11th Cir. 2009) (*per curiam*) ("[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief.").

The record shows that movant's appeal of his sentence is still before the Eleventh Circuit.  As a result, his present § 2255 motion to vacate, set aside, or correct his sentence is premature.  Moreover, movant has pointed to no extraordinary circumstances warranting consideration of his motion at this stage of his case.

Accordingly, this Court is without jurisdiction to consider movant's § 2255 motion, and the undersigned recommends that the instant motion be DENIED WITHOUT PREJUDICE to movant's right to file a new habeas petition if and when it becomes ripe for adjudication.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B)

3

and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 16th day of July, 2019.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA